UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HIEU PHUONG HOANG and
AHN "JOSEPH" CAO

VERSUS

BEST BUY STORES, L.P., *et al.*

CIVIL ACTION

NO. 20-86

SECTION M (3)

## ORDER & REASONS

Before the Court is a motion by defendants Best Buy Co., Inc., Best Buy Stores, L.P., and Curtis Orgeron (collectively, "Defendants") for summary judgment.[1] Plaintiffs Hieu Phuong Hoang and Ahn "Joseph" Cao (collectively, "Plaintiffs") respond in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons dismissing Plaintiffs' federal claims with prejudice, declining to exercise supplemental jurisdiction over Plaintiffs' state-law claims, and dismissing such state-law claims without prejudice.

### I.  BACKGROUND

This matter concerns claims of racial discrimination brought under the federal law prohibiting discrimination in public accommodations. Plaintiffs, a married couple, are both Asian American.[3] On January 16, 2019, Hoang purchased a Samsung television for $379.99, plus tax, from the Best Buy store in Harvey, Louisiana.[4] After a Best Buy employee helped Hoang load the television into her car, Hoang drove it to the couple's new law office where it was to be installed.[5]

---

[1] R. Doc. 17.
[2] R. Doc. 21.
[3] R. Doc. 1 at 1-2 & 5.
[4] *Id.* at 2.
[5] *Id.*

On January 19, 2019, a contractor installed the television on the wall and prepared it to be connected to security cameras.[6] That same day, the security-camera contractor noticed a crack on the television screen when he turned it on.[7] At Hoang's instruction, the contractor took the television off of the wall, repackaged it in its original box, and put it in Hoang's vehicle.[8]

Hoang brought the television back to Best Buy and informed an employee that she wanted to exchange it due to the cracked screen.[9] That employee informed the store manager, Orgeron.[10] Plaintiffs allege that Orgeron approached Hoang and questioned her in such a manner that she felt offended by his "rudeness and lack of consideration towards her."[11] Another Best Buy employee inspected the television and informed Hoang that the store would not reimburse her for it because the power cord was missing.[12] Hoang bought another television and brought it back to the law office.[13] Then, she told Cao what had happened and asked him to bring the power cord for the damaged television back to Best Buy to get the reimbursement.[14]

When Cao arrived at Best Buy, he went to the customer service area where he saw the television that Hoang had returned.[15] He gave the power cord to an employee and asked for a reimbursement.[16] That employee asked Cao to wait while he went to get Orgeron.[17] Plaintiffs allege that Orgeron rudely insinuated to Cao that Plaintiffs broke the television and then went to "check on something in the back."[18] Upon his return to the customer service area, Orgeron told

---

[6] *Id.* at 2-3.
[7] *Id.* at 3.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.* at 4.
[16] *Id.*
[17] *Id.*
[18] *Id.*

2

Cao that he would not refund the money for the damaged television.[19] Cao and Orgeron exchanged words, and Cao threatened to sue.[20] Cao then used his smart phone to take a photograph of the damaged television.[21] Orgeron grabbed Cao's smart phone and allegedly threatened to call the police.[22] Orgeron then escorted Cao to the door where he returned the phone and told Cao to leave.[23]

On January 9, 2020, Plaintiffs filed this suit alleging race discrimination in violation of Title II of the Civil Rights Act, 42 U.S.C. § 2000a.[24] Plaintiffs also made pendent claims under Louisiana law for false imprisonment, assault and battery, and fraudulent misrepresentation.[25] Plaintiffs seek reimbursement for the damaged television and damages for mental anguish, lost wages, loss of enjoyment of life, and lost earning capacity, plus punitive damages, attorney's fees, and costs.[26]

## II.   PENDING MOTION

Defendants argue that they are entitled to summary judgment on Plaintiffs' Title II claim because Best Buy, a retail store, is not a "place of public accommodation" covered by the statute.[27] They further argue that Title II does not provide for a private right of action for damages and Plaintiffs failed to exhaust their administrative remedies.[28] With respect to Plaintiffs' state-law

---

[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *Id.* at 4-5.
[23] *Id.* at 5.
[24] *Id.*
[25] *Id.* at 6-7.
[26] *Id.* at 8-9.
[27] R. Doc. 17-1 at 6-8.
[28] *Id.* at 8-9. Defendants point out that Plaintiffs mention 42 U.S.C. § 1983 in their complaint's jurisdictional section and prayer for relief. *Id.* at 9. Defendants argue that Plaintiffs cannot prevail under § 1983 because there is no evidence that they were deprived of constitutional rights by a state actor. Best Buy is a private company and Orgeron was never acting under the color of state law. Plaintiffs do not address § 1983 in their opposition memorandum. R. Doc. 21. Therefore, to the extent a § 1983 claim was raised in the complaint, it is dismissed as abandoned. Besides, Plaintiffs do not allege that they were deprived of a constitutional rights by a state actor, *see* R. Doc. 1, as is required to state a claim under § 1983.

claims, Defendants argue that there is no evidence of a fraudulent misrepresentation because Defendants followed Best Buy's return policy, which requires items to be in "like new" condition to be accepted for return and a refund issued.[29] Defendants also argue that the store's surveillance video of Cao's encounter with Orgeron conclusively shows that there was no assault, battery, or false imprisonment: Orgeron did not strike Cao, and Cao was not detained for any appreciable length of time.[30]

In opposition, Plaintiffs argue that there are genuine issues of material fact as to whether Best Buy is a place of public accommodation under Title II.[31] They argue that Best Buy should be considered covered by the statute because it is in the same shopping center as some restaurants and is near a public highway. With respect to their state-law claims, Plaintiffs argue that there are disputed issues of material fact regarding whether Best Buy misrepresented its return policy, and whether Cao was assaulted, battered, and falsely imprisoned.[32]

### III.  LAW & ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving

---

[29] R. Doc. 17-1 at 19-20.
[30] *Id.* at 20-28.
[31] R. Doc. 21 at 3-4.
[32] *Id.* at 4-9.

for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Title II of the Civil Rights Act

Title II of the Civil Rights Act provides:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

42 U.S.C. § 2000a(a). Title II applies to places of public accommodation, which include lodgings (such as hotels or motels), restaurants, and entertainment venues. *Id.* § 2000a(b). Retail stores, like Best Buy, are not covered by Title II's express terms. *Brackens v. Big Lots, Inc.*, 2007 WL 208750, at *2 (W.D. Tex. Jan. 24, 2007) (collecting cases). As explained by another federal district court:

> It is clear that Congress did not intend for retail establishments ... to be included in § 2000a. Section 2000a(b)(2) lists cafeterias, lunchrooms, etc. as establishments which are considered as "places of public accommodation". This subsection goes on to include any facility (e.g., restaurants) "... located on the premises of any retail establishment ...." The clear implication of this provision is that Congress did *not*

6

> intend to include retail establishments – thus the need to make clear that restaurant type facilities within a retail establishment were covered under 42 U.S.C. § 2000a(b)(2). If retail establishments were also intended to be covered, there would be no need for this provision.

*Priddy v. Shopko Corp.*, 918 F. Supp. 358, 359 (D. Utah 1995) (emphasis in original). Plaintiffs argue that the Best Buy store is a place of public accommodation because there are restaurants nearby, but they present no evidence that there is a restaurant *within* the store which would be required by law to transform a retail store into a place of public accommodation. *See also Halton v. Great Clips, Inc.*, 94 F. Supp. 2d 856, 864 (N.D. Ohio 2000) (holding that hair salon located in shopping center that it did not own was not a "place of public accommodation" within the meaning of Title II even if other covered establishments were located in the shopping center). Moreover, Title II provides for injunctive relief only, and not damages. *Arguello v. Conoco, Inc.*, 207 F.3d 803, 809 n.9 (5th Cir. 2000) ("Under Title II the only relief is injunctive."). Because Best Buy is not covered by Title II and Plaintiffs cannot seek monetary damages under that statute, Plaintiffs' Title II claims must be dismissed with prejudice.

### C. Plaintiffs' State-Law Claims

Section 1367(a) empowers a federal district court to hear in a civil action state-law claims that are related to an accompanying federal claim over which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, § 1367(c)(3) permits a federal district court to decline to exercise supplemental jurisdiction over a state-law claim if the district court has dismissed all claims over which it has original jurisdiction. In determining whether to retain jurisdiction over pendent state-law claims, a court should consider the four statutory factors set out in § 1367(c) and the common-law factors of judicial economy, convenience, fairness, and comity, with no single factor being dispositive. *Enochs v. Lampasas Cty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As a general rule, the court should dismiss state claims when the federal claims to which they are pendent are

dismissed, especially at an early stage of the litigation. *Id*. at 161 (citing, *inter alia*, *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). "[B]ut this rule is neither mandatory nor absolute; no single factor is dispositive, and [the Fifth Circuit] review[s] the district court's decision in light of the specific circumstances of the case at bar." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

With dismissal of the Title II claim over which this Court had original jurisdiction, this case now contains only state-law claims. These claims revolve around the interactions of two Louisiana citizens, Cao and Orgeron, and how that state's law applies to them. It follows that the state court has a more substantial interest than a federal court in resolving such claims. Therefore, in the interests of judicial economy and comity, this Court declines to exercise its discretion to retain jurisdiction over Plaintiffs' state-law claims of false misrepresentation, assault and battery, and false imprisonment, and such claims are dismissed without prejudice.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' motion for summary judgment (R. Doc. 17) is GRANTED as to Plaintiffs' Title II claim, and that claim is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that this Court declines to exercise supplemental jurisdiction over Plaintiff's pendent state-law claims, and those claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 14th day of May, 2021.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

8